IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 MAR -9  P 4: 08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| FLOYD T. HARRIS | ) | |
| DARLENE A. HARRIS | ) | |
| | ) | CV: 06-211 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ARTICLE III JUDGE DEMANDED |
| | ) | |
| REGIONS BANK d/b/a | ) | |
| REGIONS MORTGAGE, | ) | |
| SUCCESSOR BY MERGER TO | ) | |
| UNION PLANTERS BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

In January of 2004, Plaintiffs began submitting the necessary documents to start the pre-approval process for a mortgage loan with then UNION PLANTERS BANK, now d/b/a REGIONS MORTGAGE. The closing date for the actual mortgage contract was scheduled for and did occur on February 9,2004 at approximately 4:30 PM.  Plaintiffs are not, nor have they presented themselves as real estate or mortgage loan professionals. Plaintiffs relied solely on the GOOD FAITH, TRUTHFUL, FAIR DEALING EXPERTISE, of the Mortgage Loan Professionals we **[The Plaintiffs] and "The Home-Buying Public entrust** what amounts to for most of us as the largest priced single purchase of our lives, namely our home.

In doing so, the people [ public & private] have a **Reasonable right,** to expect to be dealt with **truthfully, fairly, with integrity and in good faith and especially so when dealing in commerce, with "Professionals".**   Expectation of this reasonable right is so true, Congress has passed numerous legislation protecting Consumers from unconscionable deviations therefrom.

**The Truth In Lending Law, The Fair Debt Collection Practices Act, The Consumer Credit Protection Act** are about all of such legislation that we have recently become briefly somewhat familiar with, intended to protect unsuspecting consumers from the unscrupulous practices of an unprincipled few.

Plaintiff are Laymen, not Lawyers, or Real Estate or Mortgage Professionals as REGIONS reps were, are and set themselves out to be.  We [Plaintiffs] don't know the technical aspects of court or law procedures, but REGIONS representatives are professionals and do earn their living in these various disciplines.  It therefore stands to follow that their buying [contracting] public should be able to "reasonably expect a level

of fiduciary responsibility above and beyond that which they might reasonably expect from amatuers & non-professionals, as that's what most people believe sets them apart.

It's important for this court to know that at no time was it ever the intent of the Plaintiffs to dishonor (not pay) any "validated debt/mortgage obligation. Plaintiffs intent was truly principled in obtaining the "**Full Disclosure**" of every aspect of their mortgage contract & especially that which up until then Defendant REGIONS had clearly not **fully disclosed** forthrightly or in good faith. Plaintiffs found new facts integral to their [Plaintiffs] total understanding of the entire mortgage contract process, the "**true workings of the loan process.**"

Several months later (after the closing), after reading an article in a publication of the Federal Reserve Bank of Chicago "Modern Money Mechanics" concerning the ten most frequent banking violations made by Banks and Lending Institutions, Plaintiffs became concerned with and made a written request disputing validity of their mortgage loan /debt obligation after Plaintiffs found that they may have actually funded their own mortgage loan. And at this point, pursuant to The Fair Debt Collection Practices Act sections 809 (a) & (b) all collection actions by alleged creditors should have ceased until they provided said validation/verification of debt to the alleged debtors. Plaintiffs' written request also informed REGIONS of Plaintiffs status as "Holder-In-Due-Course. This request also informed Defendant that it was not Plaintiffs intent to Dishonor our mortgage. This and every subsequent communication was sent via Registered or Certified Mail. At the time of this request, Plaintiffs mortgage loan was still in good standing (current).

- On several occasions following this initial request for validation of loan (Plaintiffs own mortgage contract), Defendant REGIONS offered to provide verification/validation of the alleged mortgage loan/debt obligation, if Plaintiffs requested such in writing within 30 days. Each of Plaintiffs several such written requests were met with indifference, and one of REGIONS' responses actually spelled out "**We [REGIONS] reject your documents.**"

  It was as though REGIONS felt "You have the audacity to want to know what's actually in/on your own contract documents, and we aren't going to show you [as required by Acts of Congress FDCPA sections 809 (a), and (b) … and CCPA section 112 and REGIONS is willfully going to violate because we [REGIONS] might have something to hide."

  Defendant REGIONS was allowed to, and hid behind Ala. Code 1975 § 7-3-104 in the Circuit Court proceeding which they claimed didn't require them to produce the Original Promissory Note for the Plaintiffs to review, because in their wording **"The Requests for Admissions Affidavit which they [Defendant] failed to answer in its entirety, was not a negotiable instrument." However Plaintiffs never stated that it was negotiable. And the real truth sought at that juncture was the then current status of our Original Promissory Note, another non-negotiable instrument, had the Defendant up to that point converted it by fraudulent: amendment, endorsement, or conversion into a negotiable one, ie. A bearer**

2

**bond, without Plaintiffs knowledge or consent, which would** constitute an act of fraud. The truth to which Plaintiffs still, want to know.
- Plaintiffs believe that upon presentation to this court during the upcoming proceeding that the questions asked of REGIONS in the Requests for Admissions Affidavit would have only revealed truths that should have been disclosed by Defendant at the inception of the loan process, which they REGIONS did not. And pursuant to Commercial Law, derived from Common Law from The Old Testament of The Bible and specifically the elements of a contract, Defendant REGIONS failure to do so rendered our mortgage loan /debt obligation a void contract.
- Pursuant to Truth In Lending , Plaintiffs also believe that Defendants' said failure to fully disclose at the mortgage loan's inception was in violation of T.I.L. also voiding our mortgage loan/debt obligation.

## AMENDED COMPLAINT

Comes now FLOYD T. HARRIS, and DARLENE A. HARRIS by and through their Attorneys-In-Fact Floyd Tyrone: Harris-El, and Darlene Anne: Harris-El seeking relief Pursuant to: The U.S. Constitution, U.S. Code , Truth In Lending Law, The Fair Debt Collection Practices Act, The Consumer Credit Protection Act, The Banking Act of 1935, The Uniform Commercial Code, Maxims of Commerce.

Plaintiffs were denied **Due Process Right** to see "Their Original Promissory Note" [a document of the Harris' own mortgage contract,] **after several requests in Affidavit form** which was the key evidence sought throughout the Circuit Court proceedings, **in attempt to:**
1. **Validate the alleged debt,**
2. **Ensure against any fraudulent; endorsements, amendments, or conversion [Theft of] said Original,**
3. Expedite and facilitate **The Conditional Tender of Payment [then]** offered by Plaintiffs in this action upon production of said promissory note in the absence of any of the elements enumerated in "2)" above. **This Original Promissory Note [key evidence] was never produced after several requests for it in Affidavit form.**

Plaintiffs were denied **Due Process Right** to Face The Injured Party to their Private Contract or to see evidence.

The Circuit Court Judge **Denied Due Process** by depriving the Plaintiffs in this case their property (by ordering immediate surrender of their real property then still in their possession} **without Defendant [REGIONS] producing any evidence** of The Plaintiffs owing the alleged debt.

3

Pursuant to **The Fifth Amendment of The U.S. Constitution, Plaintiffs Declare their Due Process Rights were violated.** Pursuant to **U.S. Code Title 18 § 242 Plaintiffs Declare Deprivation of Rights Under Color of Law.** Pursuant to **The Fair Debt Collection Practices Act Section 809 (a) & (b),** REGIONS along with The Circuit Court Judge proceeded in this action and ruled in favor of Defendant, prior to and without validation of the alleged. Pursuant to **The Consumer Credit Protection Act § 112 . – Criminal liability for willful and knowing violation –** Whoever willfully & knowingly (1) gives false or inaccurate information **or fails to provide information**, which he is **required to disclose** under the provisions of this title or any regulation issued thereunder.

According to the **Maxims of Commerce: Truth is spoken in the form of an Affidavit. An Unrebutted Affidavit stands as Truth in Commerce.**

**Failure/refusal to respond to Request for Admissions Affidavits by any REGIONS Official is what rendered Plaintiffs' Summary/Default Judgement against them. Said judgement was achieved through Plaintiffs' Private Administrative Process, witnessed and notarized by a neutral third-party Notary Public. This judgement has been Apostilled [made part of the Official Public Record]with the Secretary of State of Alabama .**

Including the alleged payoff amount in controversy, Plaintiffs are also seeking an Award for Damages totaling **$ 5,000,000.00 (Five Million Dollars) for:**
- Amount of alleged loan **($143,616.84) + ($143,616.84 x 3) = ($574,467.36) as established by Common Law from The Old Testament of The Bible.**
- **Plaintiffs Deposit of($7,000.00) + ( x 3 ) = ($28,000) as established from above.**
- **The purported balance at closing ($133,000.00) + (x 3) = ($ 532,000.00) as established from above.**
- **For Defendant REGIONS acting in bad faith,** pretending to not be aware of Plaintiffs Private Administrative Process after having received several advanced notices from Plaintiffs that said [pending Administrative Process was well underway prior to Defendant commencing any of its unlawful foreclosure proceedings, **($216,597.92)**
- **For the unlawful foreclosure & sale of our home and** Real Property listed as Lot 3 of The Rolling Hills Subdivision in the plats book A-85, pg 8 in the Judge of Probate Office in Pell City, St. Clair County, Alabama, **($143,616.84) + ( x 3) = ($574,467.36)**
- Defendant REGIONS dishonor of mortgage loan contract/debt obligation when it failed to validate the alleged debt after several written requests in Affidavit form **($574,467.36)**
- Principal and interest Defendant REGIONS collected from Plaintiffs for 10 months during time Plaintiffs were in possession of the Real Property listed as Lot 3 of The

4

    Rolling Hills Subdivision in the plats book A-85, pg 8 in the Judge of Probate Office in Pell City, St. Clair County, Alabama, in the amount of **($10,678.60.)**
- Pain, Suffering, and Public Humiliation, Duress, and Libel for wrongfully publishing our property as being foreclosed, **($1,500,000.00)**
- For Wrongful ejection from Property by Court Order, rendering Plaintiffs "Homeless" **($1,000,000.00)**
**For a grand total of ($5,000,000.00) Five Million Dollars!**

## NATURE OF ACTION

The nature of this action is to have this matter redressed before a Court of an Article III Judge, who:
- Supports The U.S. Constitution
- Supports His Oath of Office
- Is of Proper Jurisdiction over cases involving :
  a. Diversity of Citizenship
  b. Amount in Controversy exceeds Seventy-five Thousand Dollars
  c. Constitutional rights have been denied.

## JURISDICTION & VENUE

**Plaintiffs in this case are Sovereign State Citizens**, and presented to the Judge at the Circuit Court Hearing evidence of such ie, Their Business Cards each showing UCC-1 Filing #, and their Unlimited Commercial Liability status, Documentation of their Powers of Attorneys, Their actual UCC-1 filing documents indicating the secured interests in said real property under controversy, and Their Holder-In-Due Course Status in this Contract.

The alleged payoff amount in controversy is **$143,616.84 (One Hundred Forty-three Thousand, Six Hundred and Sixteen Dollars, and Eighty-four Cents),** well in excess of the $75,000 requirement to merit this Courts' **Subject Matter Jurisdiction.**

In addition to the **Fifth Amendment [Due Process] Rights Violations,** The alleged debt was **Never validated [verified]** by the Defendants in this proceeding, yet **The Circuit Court Judge ruled against the Plaintiffs without evidence of such,** a **Direct Violation of The Fair Debt Collection Practices Act section 809 (a), (b).** Further, …all attempts at collection should have ceased until Plaintiffs received verification of alleged debt obligation from Defendant REGIONS. In addtion to never receiving said validation, Defendants' collection actions continued and proceeded up through the unlawful foreclosure on or about September 23, 2006.

5

*[signatures]* Floyd Tyrone: Harris-El & Darlene Anne: Harris-El
Floyd Tyrone: Harris-El & Darlene Anne: Harris-El
Attorneys-In-Fact For The Plaintiffs
P.O. Box 71,
Pell City, Alabama 35125

## AFFIDAVIT OF SERVICE

Cc: REGIONS MORTGAGE
c/o SIROTE & PERMUTT, P.C.
2311 Highland Avenue S.
Birmingham, Alabama
35255-5727
Attn: Anthony R. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing pleading upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States Mail ( certified ), and properly addressed on this __9TH__ day of March, 2006 as follows:

REGIONS BANK  d/b/a
REGIONS MORTGAGE,
SUCCESSOR BY MERGER TO
UNIONS PLANTERS BANK, N.A.,
C/O SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
P.O. BOX 55727
Birmingham, Alabama 35255-5727

_Darlene Anne: Harris-El / Anthony Tyrone: Harris-El_
Attorneys-In-Fact