IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 APR -7  A 10: 43

| | | |
|---|---|---|
| FLOYD T. HARRIS<br>DARLENE A. HARRIS | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No. 2:<u>06-cv-211-MHT</u> |
| vs. | )<br>) | ARTICLE III JUDGE DEMANDED |
| REGIONS BANK d/b/a<br>REGIONS MORTGAGE,<br>SUCCESSOR BY MERGER TO<br>UNION PLANTERS BANK, N.A., | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## ANSWERS TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER

Comes now FLOYD T. HARRIS, and DARLENE A. HARRIS the Plaintiffs in the above referenced action (hereinafter Plaintiffs), and moves this Court transfer this case to THE UNITED STATES DISTRICT COURT for THE NORTHERN DISTRICT of ALABAMA and demands this case be presided over by None other than an Article 3 Judge.

1. Plaintiffs deny that Defendant REGIONS (hereinafter "REGIONS") secured alleged loan of money with a mortgage on the property at issue in this dispute. <u>See</u> Defendants' Motion To Dismiss item # 1, attached hereto as Plaintiffs' Exhibit 1.

*A Bank has no right to loan the money of other persons.* **Grow vs. Cockrill, Ark. 1897, 39 S.W. 60, 63 Ark. 418.**

*National bank is not authorized under national banking laws to lend deposited money on depositors behalf.* **Carr vs. Weiser State Bank of Weiser, Idaho 1937, 66 P.2d 1116, 57 Idaho 599.**

*A National Bank cannot act as broker in lending its depositors' money to third persons.*
**Byron vs. First National Bank Roseburg, Or. 1915, 146 P. 516, 75 Or. 296.**

*A National Bank may not lend its credit.* **Federal Intermediate Credit Bank of Omaha vs.**
**L'Herisson, C.C.A. 8 (S.D.) 1929, 33 f2d 841.**

*A National Bank's Guaranty of others negotiable paper for their benefit is ultra vires and void.* **Consolidated National Bank of Tucson vs. Anglo London Paris National Bank of San Francisco, Arizona. 1928, 269 P.68, 34 Ariz. 160, certiorari dismissed>50 S, Ct. 87,**
**280 U.S. 526, 74 L.Ed. 593.** See also, **McQueen vs. First National Bank of Mesa City, 1929, 283 P. 273, 36 Arizona. 74.**

*A National Bank cannot lend its credit or become the Guarantor of the obligation of another unless it owns or has an interest in the granteed especially where it receives no benefit there from.* **Citizens National Bank of Commerce vs. Good roads gravel w, tex**
**APP 1921, 236 S.W. 153** dismissed

*Promissory Notes: Debt instruments, when signed it is an asset instrument, that means it has been monetized under* **The Monetary Control Act of 1980.**

*A National Bank selling real estate mortgage may not contract to repurchase it.* **Greene v. First National Bank, Minn. 1927, 215 N.W. 213, 172 Minn. 310.**

2. Plaintiffs maintain that alleged mortgage contract was void pursuant to Public Law No. 95-147, 91 Stat. 1227 Passed October 28, 1977 without the 6 elements of a valid contract none exist: (1) Valid offer and acceptance of valuable consideration, (2) Two or more parties involved, (3) Parties are of legal age, (4) Termination date [established], (5) Full Disclosure [is given], (6) Voluntary in nature. See copy of Defendant REGIONS Vice President Denise MacLarin's letter of "Rejection of your documents" which

consisted of a written request for Full Disclosure and a statement notifying Defendant REGIONS of the Plaintiffs' status as Holder-In-Due-Course in the alleged contract. This correspondence was both Witnessed and Notarized a Neutral Third Party, Notary Public which was then sent by the Plaintiffs and received by the above named Defendant representative via Registered Mail, <u>See</u> copy of said document and signed registered mail receipt attached hereto, Plaintiffs' Exhibit # 2.

3. Denied.

4. Plaintiffs sent several written requests for Defendant REGIONS to validate the alleged debt by producing the one document that would have laid this entire matter to rest and that is the

Original Promissory Note [the document in controversy] which for, now some sixteen months later, Defendant has yet to produce. This quite naturally peaked Plaintiffs suspicions as to what exactly Defendant REGIONS has been hiding, as said failure to produce is in violation of Federal Laws pursuant to the Regulation Z of Truth In Lending Law, pursuant to the Fair Debt Collections Practices Act Section 809 (a), (b), and pursuant to the Consumer Credit Protection Act section 112. Plaintiffs are now to understand that National Banks are regulated under Federal law, not State law and answer to Supreme Court Decisions.

*The decisions of The United States Supreme Court are ultimate and paramount authority as to the powers and liabilities of national banks.* **Hansford v. National Bank of Tifton, Ga. App. 1912, 73 S.E. 405, 10 Ga. App. 270. See, also, Roberts v. National Bank of Tifton, 1912, 73 S.E. 407, 10 Ga. App. 272.**

*Federal decisions are controlling in dealing with national banks.* **Wray v. Citizens' National Bank of Dublin, Tex. Com. App. 1926, 288 S.W. 171.**

*The powers of a national bank under this chaet are essential matters for federal construction and interpretation, and whatever rules may obtain in the several states as to the powers of corporations under such statutes, all state courts must yield to the decisions of the Supreme Court of the United States construing the powers of national banks under this chapter.* **First National Bank v. American National Bank, Mo. 1903, 72 S.W. 1059, 173 Mo. 153. See, also, C.E. Healey Son v. Stewardson Nat. Bank, 1936, 1 N.E.2d 858 Ill. App. 290.**

*An attempt by a state to define powers and duties of national banks or control the conduct of their affairs is absolutely void wherever such attempted exercise of autthority expressly*
*Conflicts with the laws of the United States and either frustrates the purpose of the national legislation or impairs the efficiency of these agencies of the federal government to discharge the duties for the performance of which they were created.* **Davis v. Elmira Savings Bank, U.S.N.Y. 1896, 16 S.Ct. 502, 161 U.S. 275, 40 L.Ed. 700.**

*...in a" motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief*
   See **Conley v. Gibson, 355 U.S. 41 (1957).**

5. *Denied.*

6. *Denied.*

7. *An attempt by a state to define powers and duties of national banks or control the conduct of their affairs is absolutely void wherever such attempted exercise of authority expressly conflicts with the laws of the United States and either frustrates the purpose of the national legislation or impairs the efficiency of these agencies of the federal government to discharge the duties for the performance of which they were created.* **Davis v. Elmira Savings Banks, U.S.N.Y. 1896,16 S. Ct. 502, 161 U.S.275, 40 L. Ed. 700.**

8. *Defendant REGIONS [Plaintiff in the Circuit Court proceedings] failed to produce for admission into evidence the original [copy of a] negotiable Promissory instrument as is expressly required by state law at 0.953(1) Florida statutes (1987). For this reason, the final judgment of foreclosure is vacated with derection for trial courts to receive the original Promissory Note in evidence.* **Figueredo vs. Bank Espirto Santo No. 88 1808 Jan 31, 1989 Fl Third district.**

9. *Denied.*

10. *Plaintiffs agree this Court to transfer this matter to The United States District Court for The Northern District of Alabama before a Court of an Article III Judge.*

11. *Plaintiffs agree this Court to transfer this matter to The United States District Court for The Northern District of Alabama before a Court of an Article III Judge.*

12. *Plaintiffs agree this Court to transfer this matter to The United States District Court for The Northern District of Alabama before a Court of an Article III Judge.*

13. *Plaintiffs agree this Court to transfer this matter to The United States District Court for The Northern District of Alabama before a Court of an Article III Judge.*

*Floyd Tyrone: Harris-El & Darlene Anne: Harris-El*
Attorneys –In-Fact For The Plaintiffs
P.O. Box 71,
Pell City, Alabama 35125
(678) 596-3742

## AFFIDAVIT OF SERRVICE

I hereby affirm that on the 6TH day of April, 2006 I sent via Federal Express The foregoing to the Clerk of the Court, and hereby affirm that I have mailed sent via U.S. Mail the foregoing to the following:

C. Lee Reeves
Attorney for Defendant
Regions Bank d/b/a
Regions Mortgage,
Successor by Merger to
Union Planters Bank, N.A.

OF COUNSEL:
SIROTE & PERMUTT, P.C.
2311 Highland Avenue S.
P.O. Box 55727
Birmingham, Alabama 32255-5727
Tel: (205) 930-5100
Fax: (205) 930-5335

Floyd T.: Harris-El & Darlene A.: Harris-El
Attorneys-In-Fact For The Plaintiffs